**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas O Park, | No. CV-20-00746-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Wells Fargo Bank NA, | |
| Defendant. | |

Pending before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss (Doc. 9). The Court has read and considered the motion, response (Doc. 11), and reply, (Doc. 13), and will grant the motion. Pursuant to LRCiv. 7.2(f), the Court has decided to rule without oral argument, finding that it is unnecessary.

**I.    BACKGROUND**

The present action pertains to a foreclosure of Plaintiff's home, located at 10827 S. Calle Verde, Yuma, Arizona (the "Property"). This case is not the first action filed in this Court by Plaintiff regarding the foreclosure of the Property. On April 29, 2016, Plaintiff initiated a suit challenging the foreclosure in which the basis of his complaint was "that the Note and Deed of Trust were fraudulently created." *Park v. Bosco*, No. CV-16-01279-PHX-SPL, 2017 WL 6211030, at *3 (D. Ariz. Mar. 13, 2017), aff'd, 741 F. App'x 412 (9th Cir. 2018). That action (the "Fraudulent Deed Action") was dismissed with prejudice on March 13, 2017 because all of the claims were "beyond the statute of limitation." *Id*. at *4.

Plaintiff initiated a second action on June 15, 2017 requesting an emergency

Temporary Restraining Order. On the same day, the Court issued an order terminating the action based on the merits and noted that "Mr. Park's TRO presents the same questions of law that were already dismissed with prejudice by Judge Logan in March of 2017." *Park v. Tiffany & Bosco PA*, No. CV-17-01839-PHX-GMS, 2017 WL 4685585, at *1 (D. Ariz. June 15, 2017).

Following the resolution of the above matters, Defendant Wells Fargo filed a forcible entry and detainer action in the Yuma County Superior Court (the "Eviction Action"). In that action, the court granted Wells Fargo's motion for judgment on the pleadings, a ruling from which an appeal is currently pending with the Arizona Court of Appeals.

On September 26, 2018, Plaintiff filed his third complaint in this Court, Case No. CV-18-03039 ("2018 Case"). On October 26, 2018, this Court issued an order dismissing Plaintiff's complaint because the complaint "fail[ed] to show federal subject matter jurisdiction." The order also gave Plaintiff permission to file an amended complaint, which Plaintiff filed on November 25, 2018. Defendants filed a motion to dismiss the amended complaint which was granted on January 11, 2019. Plaintiff filed multiple motions for reconsideration, which were all denied. Plaintiff also filed an appeal in the case, which was dismissed for failure to prosecute on July 24, 2020. Plaintiff's claims in the 2018 case included (1) Quiet Title, (2) Equity of Redemption and Constructive Trust, (3) Slander of Title (which is also count 5), and (4) Action for Declaratory Judgment.

Plaintiff filed this new action in the Superior Court of the State of Arizona, County of Yuma, on March 17, 2020 seeking to Quiet Title. The case was removed to this Court on April 17, 2020. (Doc. 1.) Wells Fargo filed its Motion to Dismiss on April 24, 2020 pursuant to Rule 12(b)(6).

**II.    LEGAL STANDARD**

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice

of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). Further, the Court need not accept as true allegations that contradict documents subject to judicial notice. *See Catz v. Chalker*, No. CV 03-91-TUC-FRZ, 2006 WL 2547304 *2 (D. Ariz. Aug. 31, 2006) (citing *Mullis v. U.S. Bankruptcy Court for the District of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987)).

### III.  ANALYSIS

#### A.  Judicial Notice

A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). However, courts may consider matters of judicial notice. (*Id*. at 908). "A court may take judicial notice of matters of public record," *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). As such, judgments and other court documents are proper subjects of judicial notice. *See e.g., United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). It is well established that the Court is permitted to take judicial notice *sua sponte*. *See*, *e.g.*, *Callan v. N.Y. Cmty. Bank*, 643 Fed. Appx. 666, 666 (9th Cir. 2016).

As referenced above, Plaintiff has filed and litigated several prior cases dealing with the legal issues surrounding foreclosure of the property. The Court takes judicial notice of each of those cases for the purposes of deciding this motion.

#### B.  Res Judicata

Wells Fargo argues that Mr. Park's claims are barred by principles of *res judicata*. "[C]laim preclusion and issue preclusion…are collectively referred to as "*res judicata.*" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Under claim preclusion, a final judgement forecloses successive litigation of the same claim whether or not the subsequent litigation raises the same issues as the earlier suit. *Id*. This doctrine "protect[s] against 'the expense and vexation attending multiple lawsuits, conserv[es] judicial resources, and foste[rs] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Id*. (quoting *Montana v. United States*, 440 U.S. 147, 153-54 (1979)); *see also Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1160 (9th Cir. 2002) ("Preclusion doctrine…requir[es] that all related claims be brought together or forfeited..."); *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077-78 (9th Cir. 2003) (claim preclusion "bars relitigation of all grounds of recovery that were asserted, or could have been asserted, in a previous action…It is immaterial whether the claims…were actually pursued…the relevant inquiry is whether they could have been brought." (quoting *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998)).

Claim preclusion "applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties." *Garity*, 828 F.3d at 855 (quoting *Cell Therapeutics, Inc. v. Lash Grp. Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009)). "The party asserting a claim preclusion argument 'must carry the burden of establishing all necessary elements.'" *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855 (9th Cir. 2016) (quoting *Taylor*, 553 U.S. at 907).

Here, Mr. Park's complaint is subject to claim preclusion. Mr. Park brings this action to quiet title, the same claim he brought in the 2018 Case before this Court. As such there is an identity of claims. Additionally, the 2018 Case dismissed Mr. Park's complaint with prejudice, which operates as a final judgement on the merits. Finally, the 2018 Case also involved Mr. Parks and Wells Fargo, the identical parties before the Court in this action. Mr. Park does not address the issue of *res judicata* in his response. Instead, he

makes claims of a right of redemption and for adverse possession. As to Plaintiff's right of redemption, that issue was raised and litigated in the 2018 Case and he is precluded from raising it again. As to Plaintiff's adverse possession claim, Plaintiff could have brought that claim in any of his first four lawsuits and is therefore barred from bringing it now. The Ninth Circuit has explained that a plaintiff "cannot avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in his prior action or by pleading a new legal theory." *McClain v. Apodaca*, 793 F.2d 1031, 1033-34 (9th Cir. 1986). The Court finds Mr. Park's claim in this case is precluded.[1]

### C. Attorney's Fees

Wells Fargo has requested an award of attorney's fees. "[A] party prevailing in a quiet title action may recover attorneys' fees if, 20 days before bringing the action, he or she tendered five dollars with a request that the other party execute a quit claim deed, and the other party did not comply." *Cook v. Grebe*, 245 Ariz. 367, 369, 429 P.3d 1161, 1163 (App. 2018) (citing A.R.S. § 12-1103). Alternatively, Arizona law allows the Court to assess "reasonable attorney fees, expenses and, at the court's discretion, double damages of not to exceed five thousand dollars" against a party who "brings a claim without substantial justification… [or] primarily for delay or harassment." A.R.S. § 12-349(A). "'[W]ithout substantial justification' means that the claim or defense is groundless and is not made in good faith." A.R.S. § 12-349(F).

Mr. Park has attempted to relitigate the issues surrounding foreclosure of his property on no less than five separate occasions. Yet even after having received a definitive resolution of the issues he continues to bring identical claims before the Court. His continued attempts to relitigate settled issues are without substantial justification. As such, the Court finds an award of attorney's fees proper under A.R.S. § 12-349. Additionally, it appears to the Court that having prevailed in this quiet title action, Wells Fargo is entitled to its fees under A.R.S. § 12-1103.

---

[1] Because of the Court's resolution on the issue if *res judicata*. It is unnecessary for the Court to consider the parties other arguments.

**IT IS ORDERED** granting Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (Doc. 9).

**IT IS FURTHER ORDERED** granting Wells Fargo's request for attorney fees. Wells Fargo must submit their request with supporting affidavit no later than December 11, 2020.  If Plaintiff has any objection as to the reasonableness of the fees, it must be filed no later than December 16, 2020. Defendant's Reply is due no later than December 18, 2020.

Dated this 1st day of December, 2020.

_____
Honorable Susan M. Brnovich
United States District Judge