**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas O Park, | No. CV-20-00746-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Wells Fargo Bank NA, | |
| Defendant. | |

Pending before the Court is Defendant's Motion for Attorneys' Fees (Doc. 24.) Plaintiff filed a response, (Doc. 26) and Defendant filed a reply (Doc. 27.) Having considered the parties briefing and relevant law, the Court renders the following decision.

## I. Background

This case was brought after five other unsuccessful cases each relating to the foreclosure of Plaintiff's house.

## II. Eligibility

Defendant argues it is eligible for attorneys' fees as the successful party in a quiet title action, under A.R.S. § 12-349(A), and under A.R.S. § 12-341.01.

Under Arizona law, "a party prevailing in a quiet title action may recover attorneys' fees if, 20 days before bringing the action he or she tendered five dollars and a request that the other party execute a quit claim deed, and the other party did not comply." *Cook v. Grebe*, 245 Ariz. 367, 369, 429 P.3d 1161, 1163 (Ct. App. 2018). A.R.S. § 12-349(A) authorizes the Court to assess "reasonable attorney fees, expenses and, at the court's discretion, double

damages of not to exceed five thousand dollars" against a party who "brings a claim without substantial justification . . . [or] primarily for delay or harassment."

Also, under Arizona law, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A). "The legislature used the phrase 'may award' in authorizing the trial judge to award a successful contract litigant reasonable attorney's fees." *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570 (1985). Arizona Courts have long held that

> A court has broad discretion whether to award attorney fees and may consider factors including (1) "[t]he merits of the claim or defense presented by the unsuccessful party"; (2) whether "[t]he litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result"; (3) whether the unsuccessful party would suffer "extreme hardship"; (4) whether the successful party prevailed as to all relief sought; (5) whether novel legal questions were presented; and (6) whether the award would discourage parties from litigating or defending legitimate contract issues.

*Goodman v. 12 Univ. Ltd. Liab. Co.*, No. 2 CA-CV 2020-0034, 2020 Ariz. App. Unpub. LEXIS 1251, at *24-25 (Ct. App. Nov. 23, 2020) (citing *Associated Indem. Corp*, 143 Ariz. at 570).

The court makes the following findings as to each of the above listed factors:

1. Defendant had a meritorious defense and ultimately succeeded on its motion for summary judgment.  This factor weighs in favor of Defendant.

2. No information was provided about specific settlement efforts in this case but given the fact that this was Plaintiff's 6th lawsuit in an attempt to avoid foreclosure, settlement was unlikely. This factor weighs in favor of Defendant.

3. There was no evidence presented on this issue.  However, because "[t]he party asserting financial hardship has the burden of coming forward with prima facie evidence of the financial hardship," *Woerth v. City of Flagstaff*, 167 Ariz. 412, 808 P.2d 297, 305 ( Ct. App. 1990), and Plaintiff has not done so, the Court finds that this factor weighs in favor of Defendant's request for fees.  See also, *Ameriprise Fin.*

*Servs. v. Ekweani*, 2015 U.S. Dist. LEXIS 79959, at *5 (D. Ariz. 2015) and *Ogden v. CDI Corp.*, 2013 U.S. Dist. LEXIS 38603, at *4-6 (D. Ariz. 2013).

4. Defendant prevailed on all claims and is the successful party.

5. There is nothing novel about the claim or defense in this case.

6. Defendant is requesting an award of $10,580.40 plus an additional $1,500.00 for preparing the motion for attorneys' fees. *See*, *Gametech Intl'l, Inc. v. Trend Gaming Sys., LLC*, 380 F. Supp. 2d 1084, 1101 (D. Ariz. 2005) ("Including the reasonable time to prepare an attorney's fees application in an award of attorney's fees to the prevailing party furthers the purpose of awarding such fees and does not constitute a windfall or double recovery"). Such a fee award would not deter legitimate claims from being filed but might deter this Plaintiff from filing such a claim again.

Overall, the Court finds that attorneys' fees should be awarded to Defendant in this case as the successful party to a quiet title action, under A.R.S. § 12-349(A), and under A.R.S. § 12-341.01.

## III.   Reasonableness

A district court must calculate awards for attorneys' fees using the "lodestar" method. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001); *Defenbaugh v. JBC & Assocs. PC*, No. 04-16866, 2006 U.S. App. LEXIS 19930, at *2-3 (9th Cir. Aug. 3, 2006). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996) (emphasis added). "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  Plaintiff has not made any specific challenge to the reasonableness of the attorneys' fees but simply asks for the Court to reduce the award to $5,000.00.  The Court has reviewed the declaration of Jacob A. Maskovich (Doc. 24-1) and finds the hourly rates reasonable and the time was reasonably expended.

**IV.      Conclusion**

Accordingly,

**IT IS ORDERED** granting Defendant Wells Fargo Bank, N.A.'s Motion for Attorneys' Fees and awarding Defendant Wells Fargo Bank, N.A. its attorneys' fees in the amount of $12,080.40, plus post-judgment on that amount at the rate set forth in 28 U.S.C. § 1961.

Dated this 9th day of June, 2021.


Honorable Susan M. Brnovich
United States District Judge